### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

PENNY LYNN BRAMLETT,                              §
o/b/o MONTGOMERY BRAMLETT                         §
                                                  §
                                                  §
        Petitioner,                               §
                                                  §
v.                                                §        Case No. 2:21-cv-0178-JRG-RSP
                                                  §
COMMISSIONER, SOCIAL SECURITY                     §
ADMINISTRATION,                                   §
                                                  §
        Defendant.                                §

### MEMORANDUM ORDER

Currently before the Court is the Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Dkt. No. 29), filed by Petitioner on June 26, 2024.  The motion seeks compensation of $8,682.98 for attorney fees, without costs due to Petitioner's IFP status.  The Commissioner has responded that he does not oppose the requested award of fees.  (Dkt. No. 30).

The Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover her attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. at §2412 (d)(1)(a).  The Supreme Court has explained that "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is statutorily capped. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). *See generally*, *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011). The Commissioner does not contend, nor does the Court find, that the position of the government was substantially justified or that any special circumstances exist rendering an award unjust.   The Court finds that Petitioner's requested fee is not unreasonable and has been agreed to by the Commissioner.

1

- 2 -

Accordingly, IT IS ORDERED that Defendant shall pay Petitioner $8,682.98 in EAJA fees.  In accordance with the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), this award will be payable to Petitioner, by delivery to her counsel of record, Michael T. Kelly, Morgan & Weisbrod, P.O. Box 821329, Dallas, TX 75382-1329.

**SIGNED this 7th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE